UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOEL L. | : |
| | : |
| v. | :   C.A. No. 22-00196-MSM |
| | : |
| KILOLO KIJAKAZI, Commissioner | : |
| Social Security Administration | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on May 16, 2022, seeking to reverse the Decision of the Commissioner. On October 28, 2022, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 12). On January 12, 2023, Defendant filed a Motion to Affirm the Commissioner's Decision. (ECF No. 15). On February 16, 2023, Plaintiff filed a Reply. (ECF No. 17).

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 12) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 15) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for DIB on November 12, 2019 (Tr. 129-132) alleging disability as of January 1, 2019. The application was denied initially on February 22, 2020 (Tr. 51-59) and on reconsideration on May 21, 2020. (Tr. 61-68). Plaintiff requested an Administrative Hearing. On December 18, 2020, a hearing was held before Administrative Law Judge Jason Mastrangelo (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 32-49). The ALJ issued an unfavorable decision to Plaintiff on January 20, 2021. (Tr. 14-25). The Appeals Council denied Plaintiff's request for review on March 18, 2022. (Tr. 1-3). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff contends that remand is appropriate because the ALJ misapplied the law to opinion evidence, failed to properly evaluate Plaintiff's complaints, and relied on a "limited" record to arrive at the conclusion that Plaintiff was not disabled.

The Commissioner disputes Plaintiff's claim and argues that substantial evidence supports the ALJ's evaluation of medical opinion evidence and subjective symptom analysis, and that the record contains all of the information necessary to support the ALJ's decision.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS,

955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Opinion Evidence

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence. The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers). 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors. Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical

source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements). Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced

practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order

a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated

findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

E.  **Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the

Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

1. **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;

>    (4)    Treatment, other than medication, for relief of pain;
>
>    (5)    Functional restrictions; and
>
>    (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)). Guidance in evaluating the claimant's statements regarding the intensity,

persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017).  It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings.  SSR 16-3p, 2017 WL 4790249, at *49465.

## V.   APPLICATION AND ANALYSIS

### A.   The ALJ's Decision

At Step 2, the ALJ determined that Plaintiff suffered severe impairments of bipolar disorder, borderline intellectual functioning, personality disorder, anxiety, and substance abuse.  (Tr. 20).  The ALJ also concluded that Plaintiff had non-severe impairments including a hearing impairment, Hepatitis C, diabetes, and a right meniscal repair.  Id.  At Step 3, the ALJ determined the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings.  As to RFC, the ALJ determined that Plaintiff was able to perform a full range of work at all exertional levels.  (Tr. 21).  The ALJ did, however, find that Plaintiff was subject to several non-exertional limitations related to his mental impairments.  (Tr. 21-22).  The ALJ denied disability at Step 5 upon a finding that there are jobs that exist in significant numbers in the national economy that claimant could perform.  (Tr. 24).

### B.   Substantial Evidence Supports the ALJ's Evaluation of Medical Opinion Evidence

Plaintiff contends that the ALJ erred by failing to properly apply the consistency and supportability factors articulated in the new post-March 27, 2017 revised regulations for evaluating medical opinions.  The new regulations eliminate the presumptive deference previously given to

treating medical source opinions and require the ALJ to simply evaluate the persuasiveness of medical opinions. The most important factors for consideration by the ALJ are now supportability and consistency. 20 C.F.R. § 416.920c. Supportability assesses the degree to which the medical source provides medical evidence or explanation to support the opinion. Id. Consistency looks at the opinion in the context of other evidence in the record. Id.

Plaintiff alleges that the ALJ made several missteps. First, Plaintiff faults the ALJ for failing to provide a more detailed analysis of the opinion of Louis A. Cerbo, Ed.D, who performed an interview and mental status examination of Plaintiff. (Tr. 714-719). Second, the parties dispute the import of medical opinions rendered prior to Plaintiff's alleged date of disability onset ("pre-AOD opinions").

Turning to the first area of dispute, the Court notes that even assuming Dr. Cerbo's opinion qualifies as a medical opinion, the ALJ appropriately considered Dr. Cerbo's opinion and recognized it was only partially persuasive due to his failure to discuss claimant's work-related functional limitations and because it was "largely based" on Plaintiff's reporting. (Tr. 24). In his Report, Dr. Cerbo notes that Plaintiff would need assistance with managing money due to both his manic episodes that result in spending money in an "imprudent manner" as well as mathematical learning delays resulting in his inability to count money. (Tr. 718). Dr. Cerbo notes that Plaintiff had "significant mood lability, social anxiety as well as difficulty managing his anger and disruptive behavior." Id. Nevertheless, he also noted that claimant was "cordial, polite, and attentive" and easily established rapport. (Tr. 716).

Following Dr. Cerbo's psychological examination, state agency psychological consultants Jeffrey Hughes, Psy.D. and Clifford Gordon, Ed.D., fully reviewed Dr. Cerbo's opinion, and specifically addressed Plaintiff's limitations. Dr. Gordon, for example, noted that Plaintiff could "count simple change" and "follow through on basic tasks" and provided specific ratings as to his limitations in understanding and memory, concentration and persistence, social interaction, and adaptation. (Tr.

66-67). The ALJ found the opinions of the state agency consultants to be consistent with the record as a whole. (Tr. 23). The ALJ, therefore, appropriately exercised his authority as fact finder to resolve the conflicting evidence by finding the assessments of Dr. Hughes and Dr. Gordon to be more persuasive. "[T]he responsibility for weighing conflicting evidence, where reasonable minds could differ as to the outcome, falls on the Commissioner and his designee, the ALJ. It does not fall on the reviewing court." Seavey, 276 F.3d at 10.

Second, Plaintiff has also not shown that the ALJ's decision to assign little weight to pre-AOD opinions amounts to legal error. The ALJ identified multiple opinions predating the current AOD (January 1, 2019) related to Plaintiff's prior disability claims. After considering examinations by Drs. Edoro and Turchetta from January and February 2012, respectively, the ALJ properly found that since they "fall outside the alleged period of disability, they are of little relevance." (Tr. 24). The evaluations fail to establish that Plaintiff was disabled during the relevant AOD period because they specifically pertain to a period when Plaintiff was not disabled. (Tr. 51). See Chapman v. Colvin, C.A. No. 16-231-JDL, 2016 WL 7441609, at *5 (D.Me. Dec. 26, 2016) (finding the relevance of evidence was attenuated when that evidence predated a plaintiff's AOD by more than one year). The ALJ was justified in his limited consideration of opinions that predated the AOD.

In conclusion, I find that the ALJ thoroughly laid out the relevant evidence of record and clearly articulated his conclusions and supporting rationale. The ALJ was faced with conflicting medical opinions and sorted through them in compliance with the law. Plaintiff has shown no error in that exercise. Although Plaintiff argues for an alternative resolution of the conflicts presented by the evidence, that is not the province of the Court at this stage of the proceedings.

### C. Substantial Evidence Supports the ALJ's Subjective Symptom Analysis

Plaintiff next argues that the ALJ erroneously relied solely on objective evidence and assigned little weight to subjective evidence. This argument fails because it amounts to little more than another

attempt to ask this Court to revisit the evidence and order remand based on conclusions more favorable to Plaintiff. It is well-established that this Court cannot overturn the ALJ's findings simply because it may have drawn different inferences from the record evidence. See Irlanda Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

In his Decision, the ALJ noted that Plaintiff "stated that he had difficulty with memory functioning, completing tasks, maintaining concentration, understanding, following instructions, and getting along with others." (Tr. 22). He noted symptoms included "decreased interest, restlessness, depression, sleep disturbance, anxiety, panic attacks, irritability, paranoia, intrusive thoughts, obsessions and compulsions, fatigue, and anger." Id. The ALJ noted that Plaintiff reported that medication alleviated his symptoms. Id. He also noted that "exams generally noted a normal mood and affect, intact judgment and insight, and intact cognitive functioning." (Tr. 23).

The ALJ conducted a comprehensive discussion of Plaintiff's treatment history to support the finding that Plaintiff's complaints were not entirely consistent with the record. (Tr. 22-24). The ALJ acknowledged Plaintiff's reported symptoms, despite the objective evidence to the contrary, resulting in "the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict." Richardson v. Perales, 402 U.S. 389, 399 (1971). In this instance, when faced with Plaintiff's reported subjective symptoms, the ALJ correctly considered the entire case record, including objective medical evidence, in accordance with SSR 16-3p. See Coskery v. Berryhill, 892 F.3d 1, 4 (1st Cir. 2018). In addition to objective evidence, the ALJ relied on Plaintiff's work history, reported daily activities, and the medical consultants' assessments when reaching his RFC determination. (Tr. 23-24).

In short, as argued by the Commissioner, the ALJ considered Plaintiff's subjective symptoms, such as pain, but supportably determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the

medical and other evidence of record. Plaintiff has shown no reversible error in the ALJ's assessment.

### D.   The ALJ Adequately Developed the Record

Finally, Plaintiff argues that the ALJ "ignored" his duty to adequately develop the record. Plaintiff contends that the ALJ "admits" that the record is inadequate in his statement in the Decision that "as it relates to the claimant's impairments, it is important to note that the record is somewhat limited[,]" (Tr. 22), and that such a statement is verifiable proof of a record that is inadequate, making remand necessary.

The Court disagrees and finds that the phrase Plaintiff cherry-picked from the Decision does not concede an inadequately developed record. It is simply the ALJ's fair description of the record before him. Plaintiff further fails to identify what type of evidence is missing from the record and omits any explanation of how any additional evidence, if it existed, would have led the ALJ to conclude that Plaintiff is disabled. The obligation to develop the record requires the Commissioner to "make an investigation that is not wholly inadequate under the circumstances." Miranda v. Sec'y of Health, Educ. & Welfare, 514 F.2d 996, 998 (1st Cir. 1975). Considering that the ALJ obtained Plaintiff's complete medical record, which contained no gaps, this Court is satisfied that the ALJ decided this case on an adequately developed record.

### CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 12) be DENIED and that the Commissioner's Motion to Affirm (ECF No. 15) be GRANTED. I further recommend that Final Judgment enter in favor of the Commissioner.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

 /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 20, 2023